UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVE HUTCHINSON,

    Plaintiff,

    vs

CITY OF FAIRFIELD, OHIO,

    Defendant.

Case No. 1:19-cv-595

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pro Se Plaintiff, Steve Hutchinson ("Plaintiff"), originally filed a Complaint alleging a state law tort claim against Fairfield, stemming from an incident in which Fairfield's police officers responded to a call at the property where Plaintiff was staying. Plaintiff's complaint also alleges a 42 U.S.C. § 1983 claim against Fairfield, in which he claims Fairfield violated his Fourth and Seventh Amendment Rights. This matter is now before the Court on Defendant's motion for summary judgment and the parties' responsive memoranda.

**I. Background and Facts**

On June 18, 2018, the Fairfield Police Department was contacted by the owners of the property located at 811 Symmes Rd., Fairfield, Ohio to remove Plaintiff from their property.[1] Plaintiff was in the basement of the property when the Fairfield officers responded. (See Doc. 23, Body Cam Footage from Fairfield Police Officers). Multiple officers from Fairfield Police Department responded to the location and found Plaintiff in

---

[1] It is unclear whether Plaintiff was an invited guest who overstayed his welcome or some other reason why the property owner called the police seeking Plaintiff's removal from the property.

1

the basement of the property. (Id). Plaintiff's complaint alleges that he was ordered "to immediately pack 1 bag of clothing & hygiene and vacate the home and abandon" his property. (Doc. 3, PageID 18). He also alleges he "was forced in a cop car while several officer's surrounding me some with weapons drawn threatening me harm and arrest if I did not comply and was dropped at their police station shown a phone and told good luck." (Id.). Plaintiff asserts in his response to a request to admit that no police officer drew their weapon and/or threatened him with harm and arrest that "the officer's [sic] had their tazer [sic] unholstered." (Doc. 23-1, PageID 100).

It appears from the body worn camera footage, that after discussing the situation, Plaintiff ultimately agreed to leave the property.[2] (Doc. 23-2). No force was used and no arrest was made. (Id.). Plaintiff asserts in his response to a request to admit that he willingly got into the police officer's car and that no physical force or threat of force was used that he "got in because I was told if I didn't leave I would be taken out in cuffs." (Doc. 23-1, PageID 100).

The City of Fairfield now moves for summary judgment. Upon careful review, the undersigned finds that the motion is well-taken and should be granted.

**II. Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202

---

[2] The body worn camera footage does not include audio.

(1986). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden of production, the nonmoving party cannot rest on the pleadings, but must present significant probative evidence in support of his case to defeat the motion for summary judgment. *Anderson,* 477 U.S. at 248-49. The mere scintilla of evidence to support the nonmoving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the nonmoving party. Id. at 252.

As Plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). However, his status as a pro se litigant does not alter his burden of supporting his factual assertions with admissible evidence when faced with a summary judgment motion. *Maston v. Montgomery Cnty. Jail Med. Staff Personnel*, 832 F. Supp. 2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App's 482, 485 (6th Cir. 2010)).

**III. Analysis**

The City of Fairfield asserts that it is entitled to judgment as a matter of law because Fairfield is a political subdivision that was performing a governmental function when its police officers responded to the property on the date in question. The City further asserts that there is no evidence to support any claim that Fairfield promoted any custom

3

or practice which caused Plaintiff to be deprived of his constitutional rights. As such, Fairfield is moving for summary judgment on all claims, both state and federal, asserted by Plaintiff. Additionally, Fairfield argues that it is immune from liability for any state law tort claim under Ohio Revised Code Chapter 2744 as it was performing a governmental function – police services – during its interaction with Plaintiff. Fairfield also argues that it is immune from any claim for damages arising in connection with performing those police services and that none of the exceptions to that immunity apply to this case. Accordingly, Fairfield argues that it is entitled to summary judgment. The undersigned agrees.

*A. Plaintiff's claims under 1983*

Section 1983 allows individuals to "interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010) (*quoting Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir. 2006)).

Moreover, municipalities may only be held liable under § 1983 for injuries caused by official policies or customs. *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978). Such custom or policy must be the "moving force" behind the violation. Id. at 694. "[T]o satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was

4

incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993), quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987). Further, "Section 1983 does not permit the inference of the existence of a city policy from the misconduct of a single officer or incident of misconduct." *Lytle v. Columbus* (1990), 70 Ohio App.3d 99, 111, 590 N.E.2d 421, 429.

Thus, the acts of employees of political subdivisions do not result in vicarious liability under the doctrine of respondeat superior. *Monell*, 436 U.S. at 694. "The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *quoting Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir. 1982), cert. denied, 459 U.S. 833, 103 S.Ct. 75 (1982).

Here, the body worn camera footage contradicts Plaintiff's allegations and fails to show any violation of Plaintiff's constitutional rights. (Doc. 23). As noted by Defendant and as viewed by the Court, the footage shows that the Fairfield officers were professional throughout their interaction with Plaintiff and that no physical contact was made by any of the officers. (Id). Plaintiff was not put in hand cuffs and was not arrested. (Id). Plaintiff willingly left the property with the police officers, who gave him a ride to the police station so that he could make arrangements to go elsewhere. (Id).

Furthermore, Plaintiff's federal law claim against Fairfield is a § 1983 claim against a municipality. As noted above, the law governing § 1983 claims against municipalities – typically referred to as "*Monell*" claims –such claims that local governing bodies – like Fairfield – can only be sued under § 1983 for damages when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation,

or decision officially adopted or promulgated" by the local governing body. (Id). Here, Plaintiff has provided no evidence that Fairfield promoted an official policy, custom, or practice which deprived Plaintiff of any constitutional right. The only allegations Plaintiff makes in this case relate to the actions of the individual officers who responded to the property on the date in question. Those allegations are insufficient to establish any "official policy, custom, or practice promoted" by Fairfield. Here, Plaintiff is required to produce some evidence of such an official policy, custom, or practice promoted by Fairfield – a municipality, political subdivision, etc. – which deprived him of a constitutional right, in order to sustain a § 1983 claim. He failed to do so. In light of the foregoing, Defendant is entitled to judgment as a matter of law with respect to Plaintiff's § 1983 claim

*B. Plaintiff's state law claims*

Additionally, because plaintiff's federal claims should be dismissed, the Court no longer has original jurisdiction and should decline to exercise supplemental jurisdiction over any pendant state-law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, any state law claims should also be dismissed without prejudice.

**IV. Conclusion**

For these reasons, it is **RECOMMENDED** that Defendant's motion for summary judgment (Doc. 22) be **GRANTED** and this matter be **CLOSED.**

                                              s/Stephanie K. Bowman
                                              Stephanie K. Bowman
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVE HUTCHINSON,

    Plaintiff,

    vs.

CITY OF FAIRFIELD, OHIO,

    Defendant.

Case No. 1:19-cv-595

McFarland, J.
Bowman, M.J.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).